**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASHLEY WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>FALONI LAW GROUP LLC; LVNV FUNDING LLC,<br><br>Defendant(s). | Civil Case Number: ____________<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

ASHLEY WILLIAMS
1170 W 7th Street
Plainfield, New Jersey 07063

FALONI LAW GROUP LLC
520 Walnut Street, Suite 1355
Philadelphia, Pennsylvania 19106

LVNV FUNDING LLC
355 S Main Street, Suite 300-D
Greenville, South Carolina 29601

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, FALONI LAW GROUP LLC ("FALONI LAW); LVNV FUNDING LLC ("LVNV")and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices

Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FALONI LAW maintains a location at 425 Eagle Rock Avenue, Suite 404, Roseland, New Jersey, 07068.

8. LVNV maintains a location at 355 S Main Street, Suite 300-D, Greenville, South Carolina 29601.

9. FALONI LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. LVNV uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. FALONI LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

12. LVNV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Classes are initially defined as:

A. All New Jersey consumers who FALONI LAW filed a lawsuit against, which was owned by any creditor, where FALONI LAW filed in a county where that consumer did not reside at that time or in a county where the consumer did not sign a contract.

B. All New Jersey consumers who FALONI LAW filed a lawsuit against, which was owned by LVNV FUNDING LLC, where FALONI LAW filed in a county where that consumer did not reside at that time or in a county where the consumer did not sign a contract.

The Class period begins one year to the filing of this Action.

The Class definition may be subsequently modified or refined.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to March 6, 2025, Plaintiff allegedly incurred a financial obligation to MRV BANKS (“MRV BANKS”).

22. The MRV BANKS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the MRV BANKS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The MRV BANKS obligation did not arise out of a transaction that was for non-personal use.

25. The MRV BANKS obligation did not arise out of a transaction that was for business use.

26. Plaintiff incurred the MRV BANKS obligation in connection with a personal account.

27. The MRV BANKS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. MRV BANKS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. At some time prior to March 6, 2025, the MRV BANKS obligation was allegedly purchased by and/or sold to LVNV.

30. At the time the MRV BANKS obligation was purchased by and/or sold to LVNV, the obligation was in default.

31. The principal purpose of LVNV is the collection of debts which are in default at the time it purchases the debts.

32. On or before March 6, 2025, LVNV, directly or through an agent, referred the MRV BANKS obligation to FALONI LAW for the purpose of collections.

33. At the time the MRV BANKS obligation was referred to FALONI LAW the MRV BANKS obligation was in default.

34. FALONI LAW, on behalf of and at the request of LVNV, filed a complaint against Plaintiff in the Superior Court of New Jersey, Somerset County, Special Civil Part, Docket No. SOM-DC-001633-25 on March 6, 2025 ("Collection Complaint"). See Exhibit A.

35. The Collection Complaint was sent to Plaintiff in connection with the collection of the MRV BANKS obligation.

36. The Collection Complaint is a "communication" as defined by 15 U.S.C. § 1692a(2).

37. FALONI LAW instructed the court to serve the summons and Collection Complaint on Plaintiff at her address in Union County, New Jersey:

> 1170 W 7th Street
> Plainfield, New Jersey 07063

38. At all times relevant to this matter, Plaintiff has lived in Union County, New Jersey and not Somerset County, New Jersey.

39. Upon receipt, Plaintiff read the Collection Complaint.

40. On April 14, 2025, Plaintiff filed an answer with the Superior Court pointing out to the Defendants that she did reside in Somerset County but instead resided in Union County, New Jersey.

41. After receiving a copy of Plaintiff's answer, FALONI LAW failed to take any remedial action, such as seeking an Order to transfer the matter to the proper County – Union County.

42. Instead, FALONI LAW, on behalf of and at the request of LVNV, filed a Notice of Motion for Summary Judgment in the Somerset County Special Civil matter despite knowing that jurisdiction was not proper in Somerset County.

43. Plaintiff has incurred expenses directly related to FALONI LAW filing the Collection Complaint in the improper venue.

44. 15 U.S.C. § 1692i of the FDCPA limits where a debt collector can file a suit in an attempt to collect a debt. It provides in relevant part:

> (a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall
>
> (1) . . . . bring such action only in the judicial district or similar legal entity--
>
> . . . .
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.

45. The Superior Court of Union County, Special Civil Part was the only proper venue for Defendants to begin or to proceed with a lawsuit in the Superior Court of New Jersey on the MRV BANKS obligation. See Rutgers v. Fogel, 403 N.J. Super. 389, NJ App. Div. 2008).

46. The legislative history of 15 U.S.C. § 1692i indicates that Congress intended to prevent forum abuse.

47. Further, "[t]he venue provision was an 'attempt to minimize the perceived imbalance of power between debtors and creditors by requiring venue for consumer debt actions in a locale convenient to the debtor.'" Zartman v. Shapiro & Meinhold, 811 P.2d 409, 412 (Colo. Ct. App. 1990), aff'd, 823 P.2d 120 (Colo. 1992)(quoting Sweig, Guidelines for Consumer Debt Collection by Attorneys Under the 1986 Amendment to the Fair Debt Collection Practices Act, 21 New Eng. L. Rev. 697, 705 (1986)). See Rutgers v. Fogel, 403 N.J. Super. 389, (NJ App. Div. 2008).

48. The Third Circuit has held that "an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf." See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404–06 (3d Cir.2000).

49. Accordingly, LVNV is liable for any unlawful collection activities carried out by FALONI LAW on its behalf.

50. The stated purpose of the FDCPA is to “eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

51. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA and caused her to incur expenses directly related to the Collection Complaint being filed in the improper forum.

52. Defendants knew or should have known that their actions violated the FDCPA.

53. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

54. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b) Filing an action in the improper venue; and

(c) Using unfair or unconscionable means to collect or attempt to collect any debt.

55. FALONI LAW has filed lawsuits in the improper venue against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of LVNV.

56. FALONI LAW has filed lawsuits in the improper venue against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of any creditor.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

57. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58. Collection communications, such as those of Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

59. Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

60. Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(5); § 1692e(10); § 1692f and § 1692i.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that lawsuit had been filed in the proper venue.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by filing a motion for summary judgment after being notified that venue was improper.

65. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

66. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by filing a motion for summary judgment after being notified that venue was improper.

67. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

68. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

69. As described herein, Defendants violated 15 U.S.C. § 1692i.

70. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

72. Plaintiff and others similarly situated have a right to receive proper communications as mandated by the FDCPA.

73. Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

74. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

75. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: July 2, 2025

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

FALONI LAW GROUP, LLC
DAVID A. FALONI, ESQ. - NJ ATTORNEY ID # 015371995
ATTORNEYS FOR PLAINTIFF
425 EAGLE ROCK AVENUE, SUITE 404
ROSELAND, NJ 07068
WWW.FALONILAWFIRM.COM
973-226-2525

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: Somerset County Courthouse
SPECIAL CIVIL PART

DOCKET NO. ________________________

Current Creditor: LVNV Funding LLC
Original Creditor: MRV Banks

Plaintiff

vs.

COMPLAINT ON CONTRACT

Ashley Williams
1170 W 7th St
Plainfield NJ 07063-1502

Defendant(s)

LVNV Funding LLC, whose business address is 355 S Main Street, Suite 300-D , Greenville SC 29601, complaining of the defendant says that:

1. Defendant is indebted to the original creditor MRV Banks, in the amount of $485.68 after failing to make agreed upon payments on this account. The original account was opened on or about 08/23/2022 and the account was charged off on or about 03/31/2023 due to non-payment.

2. Plaintiff purchased the account and received the right title and interest to this account through an assignment of a debt for consideration. The last four digits of the original account number is ************8329 and the last three digits of the social security number is XXXXXXXX024. The Chain of Title is attached to this complaint as Exhibit A.

3. The Defendant defaulted under the terms of the agreement by failing to pay despite the demand for which has been made but refused. Plaintiff as successor in interest is seeking the amount due and owing as an account stated and/or book account.

4. There is now due and owing to Plaintiff the sum of $485.68 plus costs of suit.

WHEREFORE, Plaintiff demands judgment for the demand amount alleged plus statutory costs and fees.

CERTIFICATION

I certify that the above matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated, and that no other parties should be joined in this action. I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

FALONI LAW GROUP, LLC
s/David A. Faloni
DAVID A. FALONI, ESQ.

Dated: March 1, 2025
File No. 193371

DEFENDANT'S ADDRESS:
Ashley Williams
1170 W 7th St
Plainfield NJ 07063-1502
Somerset County

ADDRESS OF THE COURT:
Somerset County Courthouse
40 North Bridge Street- PO Box 3000
Somerville NJ 08876
(908)332-7700

Docusign Envelope ID: BA19816C-AE28-4619-9AD6-A4622849E259

**Exhibit H [MRV]**

**BILL OF SALE & ASSIGNMENT**

The undersigned Assignor ("Assignor"), for valuable consideration, the receipt and sufficiency of which are acknowledged, and pursuant to the terms and conditions set forth in the Receivables Sale Agreement dated April 22, 2021 between Assignor and Griffin Card Group, LLC, a Delaware limited liability company, and the Receivables Sale Agreement between Assignor and Total Card Solutions, a South Dakota limited liability company, dated March 28, 2023, (together the "Assignees"), which are incorporated herein by reference, attests that it sold, transferred, assigned, and conveyed to Assignees, as of the Date reflected for each applicable Account Flow and File Name, all of Assignor's right, title and interest in and to each of the accounts reflected in the table below (the "Accounts"), together with (i) all obligations for the Accounts set forth in the Agreement and (ii) the right to all principal, interest or other proceeds of any kind with respect to the Accounts remaining due and owing as of said Date, and Assignor relinquishes any continuing obligations it may have with respect to the Accounts. The following representations are made to the best of Assignor's knowledge and Assignor is not aware of any information that would contradict or call into question the veracity of such representations:

The information contained in the applicable File (collectively, "Assignor Account Information") is true and complete. Further, all of the information contained in Assignor Account Information (a) constitutes Assignor's own business records regarding the Accounts and (b) accurately reflects in all material respects the information about the Accounts in Assignor's possession. All of Assignor Account Information has been kept in the regular course of Assignor's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Assignor's business records, or (ii) who caused the data to be entered into and maintained in Assignor's business records.

| Account Flow | File Name | Date |
|---|---|---|
| [redacted] | R01_SaleFile_121322_UnMasked | **12/13/22** |
| | R01_SaleFile_011123_UnMasked | **01/11/23** |
| | R01_SaleFile_021023_UnMasked | **02/10/23** |
| | R01_SaleFile_031023_UnMasked | **03/10/23** |
| | R01_SaleFile_041223_UnMasked | **04/12/23** |
| | R01_SaleFile_051023_UnMasked | **05/10/23** |
| | R01_SaleFile_061223_UnMasked | **06/12/23** |
| | R01_SaleFile_071223_UnMasked | **07/12/23** |
| | R01_SaleFile_081023_UnMasked_Corrected | **08/10/23** |
| | R01_SaleFile_091123_UnMasked | **09/11/23** |
| | R01_SaleFile_101023_UnMasked | **10/10/23** |
| | R01_SaleFile_111023_UnMasked | **11/10/23** |
| | 5Tranche_SaleFile_121923_UnMasked | **12/19/23** |
| | 5Tranche_SaleFile_011024_UnMasked | **01/10/24** |
| | 5Tranche_SaleFile_021224_UnMasked | **02/12/24** |
| | 5Tranche_SaleFile_031124_UnMasked | **03/11/24** |

Docusign Envelope ID: BA19816C-AE28-4619-9AD6-A4622849E259

| | | |
|---|---|---|
| [redacted] | 5Tranche_SaleFile_041024_UnMasked | **04/10/24** |
| | 5Tranche_SaleFile_051024_UnMasked | **05/10/24** |

Dated this 31st day of May 2024

MRV Banks

Robert Lawrence

By: Robert Lawrence

Title: Executive Vice President

# BILL OF SALE & ASSIGNMENT

The undersigned Assignor ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, sets over, quitclaims and conveys to Resurgent Acquisitions LLC, a Delaware limited liability company ("Assignee"), without recourse or representations except as provided in the terms and subject to the conditions set forth in that certain Forward Flow Purchase and Sale Agreement, dated December 1, 2022 by and between the Assignor and Assignee (the "Agreement"), all of Assignor's right, title and interest in and to each of the accounts (the "Accounts") identified in the data file titled "TV3_SaleFile_041223_UnMasked, T01_SaleFile_041223_UnMasked, R01_SaleFile_041223_UnMasked, M12_SaleFile_041223_UnMasked" (the "Computer File"), together with the right to all principal, interest or other proceeds of any kind with respect to the Accounts remaining due and owing as of the Cut-off Date applicable to such Accounts as set forth in the Agreement pursuant to which the Accounts are being sold.

Dated this 17th day of April, 2023.

ASSIGNORS: TOTAL CARD FUNDING I, LLC

Scott Swain
SignNow e-signature ID: 897da6d68c...
04/17/2023 20:54:33 UTC

Name: Scott Swain
Its: CFO

VP CREDIT CARD MASTER TRUST

Christopher N. Giles
SignNow e-signature ID: 9297330b22...
04/17/2023 19:20:44 UTC

Name: Christopher Giles
Its: Vice President

PHOENIX CARD GROUP, LLC

SignNow e-signature ID: 2a672f61ca...
04/17/2023 19:12:39 UTC

Name: Joseph Noe
Its: President

GRIFFIN CARD GROUP, LLC

SignNow e-signature ID: 2531b7687b...
04/17/2023 19:12:39 UTC

Name: Joseph Noe
Its: President

**Transfer and Assignment**

Resurgent Acquisitions LLC ("RALLC"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated April 12, 2023 delivered by Griffin Card Group LLC on April 17, 2023 for purchase by RALLC on April 17, 2023. The transfer of the Assets included electronically stored business records.

Dated: **April 17, 2023**

Resurgent Acquisitions LLC
a Delaware Limited Liability Company

By: ______________________

Name: Jackson Walker
Title: Authorized Representative

Dated: **April 17, 2023**

LVNV Funding LLC
a Delaware Limited Liability Company

By: ______________________

Name: Daniel Picciano
Title: Authorized Representative

**Exhibit A**

## Receivables File

**04.17.23 R01_SaleFile_041223_UnMasked**

| Transfer Group | Portfolio | Transfer Batch |
| --- | --- | --- |
| 906823 | 41626 | N/A |

| Court's Address and Phone Number:<br>SOMERSET Special Civil Part<br>40 NORTH BRIDGE STREET, FIRST FLOOR, P.O. BOX 3000<br>SOMERVILLE, NJ 08876-0000<br>908-332-7700 ext.13710 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br><br>**SOMERSET** County<br>Docket No: **SOM-DC-001633-25**<br>**Civil Action**<br>**CONTRACT DISPUTE** |
|---|---|

# YOU ARE BEING SUED!

**Person or Business Suing You (*Plaintiff*)**
LVNV Funding LLC

**Plaintiff's Attorney Information**
DAVID A FALONI
FALONI LAW GROUP LLC
425 EAGLE ROCK AVE STE 404
ROSELAND, NJ 07068-0000
973-226-0050

**Person or Business Being Sued (*Defendant*)**
Ashley Williams

**The Person or Business Suing You Claims You Owe the Following:**

| | |
|---|---|
| Demand Amount | $485.68 |
| Filing Fee | $50.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$542.68** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 04/21/2025, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint***. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **SOM-DC-001633-25** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **04/21/2025**.

   **Please Note – If you file an Answer your case will be sent to a settlor to try to resolve your case prior to trial.**

2. ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **04/21/2025**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 908-231-0840. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 908-685-2323. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**
Clerk of the Superior Court

| | |
|---|---|
| Dirección y teléfono del tribunal<br>Parte Civil Especial de SOMERSET<br>40 NORTH BRIDGE STREET, FIRST FLOOR, P.O. BOX 3000<br>SOMERVILLE, NJ 08876-0000<br>908-332-7700 ext.13710 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br><br>Condado de **SOMERSET**<br>Número del expediente **SOM-DC-001633-25**<br>**Demanda de Acción Civil**<br>**NOTIFICACIÓN DE DEMANDA**<br>**CONTRACT DISPUTE** |

# ¡LE ESTÁN DEMANDANDO!

**Persona o entidad comercial que le está demandando *(el demandante)***
LVNV Funding LLC

**Información sobre el abogado del demandante**
DAVID A FALONI
FALONI LAW GROUP LLC
425 EAGLE ROCK AVE STE 404
ROSELAND, NJ 07068-0000
973-226-0050

**Persona o comercial ser demandada *(el demandado)***
Ashley Williams

**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:**

| | |
|---|---|
| Cantidad a la vista | $485.68 |
| Tasa judicial | $50.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$542.68** |

## PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 04/21/2025 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1. ***Responder a la demanda***. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey*** " (Tesorero del Estado de Nueva Jersey). Incluya **SOM-DC-001633-25** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **04/21/2025.**

   **Por favor tenga en cuenta que si usted presenta una Respuesta, su causa se enviará a un fideicomitente para tratar de resolver la causa antes del juicio.**

2. ***Resolver la disputa.*** Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **04/21/2025**.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 908-231-0840. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 908-685-2323. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

**/s/ Michelle M. Smith**
Subsecretario(a) del Tribunal Superior